**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 06-4169

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EDWARD GREER, JR., a/k/a Parris Anthony
Ravenell,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Charleston. Patrick Michael Duffy, District
Judge. (2:99-cr-01096-PMD)

———————————

Submitted: August 24, 2006          Decided: August 29, 2006

———————————

Before KING, SHEDD, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Jill E. M. HaLevi, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant. Jonathan Scott Gasser, Assistant
United States Attorney, Columbia, South Carolina; Alston Calhoun
Badger, Jr., Assistant United States Attorney, Charleston, South
Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Edward Greer, Jr., appeals the district court's order revoking his supervised release and sentencing him to the statutory maximum of sixty months of imprisonment. Greer's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues to raise on appeal, but arguing that the district court violated Greer's due process rights in considering evidence not contained in the violation report and that the court erred in sentencing Greer to the statutory maximum. Although informed of his right to do so, Greer has not filed a pro se supplemental brief. We affirm.

Greer first alleges that the district court violated his due process rights in considering for sentencing purposes charges that were not contained in the violation report. As this claim was not preserved in the district court, we review for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). We have reviewed the hearing transcript and find no indication that the court considered such charges in determining Greer's sentence. We therefore find no plain error.

Greer also argues that the court erred in sentencing him above the Chapter 7 advisory policy statement range to the statutory maximum. We recently held in United States v. Crudup, ___ F.3d ___, 2006 WL 2243586 (4th Cir. Aug. 7, 2006), that we review sentences imposed upon the revocation of supervised release

to determine whether the sentence is "plainly unreasonable." In this case, Greer's sentence was within the applicable statutory maximum, the court considered the Chapter 7 advisory guideline range of thirty-seven to forty-six months, and the court stated a proper basis for its conclusion that Greer be sentenced to the maximum statutory sentence. See Crudup, 2006 WL 2243586, at *5. Specifically, the court noted that Greer received a substantial downward departure in his original sentence. Because Greer's sentence was neither procedurally nor substantively unreasonable, we find that his sentence is not plainly unreasonable.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's order revoking Greer's supervised release and imposing a sixty-month sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions  are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -